Sam MORGAN, Plaintiff—Appellant,

v.

CITY OF PLEASANT HILL, a public entity; Drew Sanchez, Police Officer; Steve Dexheimer, Police Corporal # 350, Defendants—Appellees.

No. 06–15926.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2008.

Filed March 7, 2008.

Michael J. Haddad, Esq., Haddad & Sherwin, Oakland, CA, for Plaintiff–Appellant.

Gary Watt, McNamara, James V. Fitzgerald, III, Esq., Dodge, Ney, Beatty, Slattery & Pfalzer, LLP, Walnut Creek, CA, for Defendants–Appellees.

Before: D.W. NELSON, KLEINFELD, and HAWKINS, Circuit Judges.

MEMORANDUM *

Sam Morgan appeals partial grants of summary judgment and judgment as a

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

matter of law, evidentiary rulings, and jury instructions. We find that each of these challenges is without merit and we affirm the district court.

## I. SUMMARY JUDGMENT

Morgan challenges the district court's grant of partial summary judgment of the Fourth Amendment claims, arguing that a reasonable jury could have found false arrest and excessive force. This challenge lacks merit. Viewing the facts in the light most favorable to Morgan, the officers had probable cause to believe Morgan was committing a nighttime robbery of a store. Probable cause defeats a § 1983 claim for false arrest and imprisonment. *See Cabrera v. Huntington Park,* 159 F.3d 374, 380 (9th Cir.1998). Additionally, the severity of the crime at issue and the potential for an immediate threat to the officers justified the force used. *See Graham v. Connor,* 490 U.S. 386, 396–97, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Thus, partial summary judgment on the grounds of qualified immunity was appropriate because the officers' conduct did not violate any of Morgan's Fourth Amendment rights.

## II. EVIDENTIARY RULINGS

We find that each of the five challenges Morgan raises to evidentiary rulings is without merit. The district court did not err in excluding the firearms policy because inclusion of the policy could have confused the issues and indirectly invited the jury to re-litigate the excessive force claim, which was dismissed in summary judgment. *See* Fed.R.Evid. 403. The district court did not err in excluding testimony regarding the racial profiling training because the witness was not noticed as an expert and the remaining lay opinion testimony was unnecessarily repetitive. *See, e.g., United States v. Figueroa–Lopez,* 125 F.3d 1241, 1246 (9th Cir.1997) (holding that an officer may not testify as to specialized knowledge where he is not noticed as an expert). Russo's speculative testimony that he "would not have told" the officers that the CHP investigators were armed was also properly excluded because it lacked personal knowledge. *See* Fed. R.Evid. 602. Conversely, Officer Dexheimer's testimony as to his minority background was properly permitted because it was relevant to the question of whether he used the term in a derogatory manner. Finally, the CHP policy requiring officers to wear uniforms when serving tax warrants was properly admitted as a curative admission. *Nguyen v. Southwest Leasing & Rental, Inc.,* 282 F.3d 1061, 1067 (9th Cir.2002).

## III. JURY INSTRUCTIONS

Judge Breyer did not abuse his discretion by excluding Jury Instruction No. 5. Although the instruction derives from *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 146–147, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000), it mischaracterizes the holding because it makes no mention of the prima facie case requirement, thus allowing an impermissible inference of discrimination.

## IV. JUDGMENT AS A MATTER OF LAW

Morgan argues that a jury may infer racial animus from the decision to enter the store with guns aimed, the search ordered by Officer Dexheimer, and the ten-minute detention in handcuffs. None of this evidence is sufficient for a reasonable jury to find that race was a motivating factor for Officer Sanchez. As decided at summary judgment, the arrest was supported by probable cause and the force used was objectively reasonable. Except for Officer Dexheimer's "lily white" statement and Officer Dexheimer's instruction to Sanchez to re-search Morgan for weapons, nothing in the facts supports an inference of racial animus. The jury

may not make inferences from Officer Sanchez's failure to reject these statements and orders because no facts independently support an inference of race-based motivation attributable to Officer Sanchez. *Mammoth Oil Co. v. United States,* 275 U.S. 13, 52, 48 S.Ct. 1, 72 L.Ed. 137 (1927) ("[F]ailure to testify cannot properly be held to supply any fact not reasonably supported by the substantive evidence in the case."). Thus the district court did not err in granting judgment as a matter of law to Officer Sanchez.

V. NEW TRIAL

Since the grant of summary judgment was proper and Judge Breyer did not commit any reversible error during trial, we need not consider Morgan's request for a retrial.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.